UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLIDAY OLJII ANNA PEDOTTI, | |
| Plaintiff, | |
| -against- | 1:22-CV-6222 (LTS) |
| RANDOLPH K. ADLER, JR.; ELISE TAYLOR; CLAUDIA BURTON; ANTHONY DAMO; THE TEAMSTERS UNION; MIKE FOLEY OF THE TEAMSTERS UNION; I.D. CLEAN SOLUTIONS; NABIL KASSEM; NYPD & BKPD, | ORDER OF DISMISSAL |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Holiday Oljii Anna Pedotti, who is appearing *pro se*, filed this action invoking the Court's federal question jurisdiction, apparently seeking damages and, perhaps, injunctive relief. Since Plaintiff filed her complaint, she has filed numerous motions, requests, and other submissions. Plaintiff sues: (1) Randolph Adler, Jr.; (2) Elise Taylor; (3) Claudia Burton; (4) Anthony Damo; (5) "The Teamsters Union"; (6) Mike Foley "of the Teamsters Union"; (7) "I.D. Clean Solutions"; (8) Nabil Kassem; and (9) "NYPD & BKPD," which the Court understands to be the New York City Police Department ("NYPD").

By order dated October 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses Plaintiff's action.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Twombly*, 550 U.S. 544; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual

2

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff states that the defendants have violated her rights to life, liberty, free speech, and to a fair trial. She also asserts that there have been "Restraining Order Violations."[1] (ECF 1, at 1.) In addition, she makes accusations of "Harassment, Aggravated Harassment, Strangulation, Rape, Assault, Human Experimentation, Slander, and Death Threats." (*Id.*) She appears to allege that Adler is an attorney who represents "the Teamsters Union, [which is] Active in Death Threats." (*Id.* at 2.) She further alleges that Kassem is Adler's defense attorney in ongoing criminal proceedings, and has "material corruption agreements" with the NYPD "concerning Drug Trafficking Activities, causing [her] further Safety Hazard." (*Id.*)

Plaintiff additionally alleges the following: In October 2021, she filed criminal charges against Adler, but the NYPD's handling of the matter was "plagued" by corruption. (*Id.* at 3.) The matter was never assigned to any investigators or detectives, and she was not provided an attorney, despite her multiple requests. The matter was "processed in the incorrect jurisdiction (ie. Brooklyn vs. Manhattan) and no Factually Accurate Affidavit was ever produced to [her] by any District Attorney to sign and have processed in Court Procedures." (*Id.*) The day after she filed criminal charges, Plaintiff successfully obtained a restraining order against Adler, "and within a month [she] was attacked by a Chemical Biological injection . . . by" the NYPD. (*Id.*)

---

[1] The Court quotes the complaint verbatim. All capitalization, punctuation, and wording are as in the original, unless otherwise indicated.

Adler then violated the restraining orders multiple times; those violations were noted by the NYPD. Adler also spread false information about Plaintiff regarding: "Infectious Diseases (HIV), False Pregnancies, Historical Life and Financial Background, Educational History, and . . . . Further Slanderous relationships to [Plaintiff's] direct Family and Personal Network behind [her] back, potentially affecting [her] status as primary heiress to a large family fortune." (*Id.*)

Adler has "gone as far as IP-WRAPPING [Plaintiff's] emails and telephones . . . alongside fellow" Teamsters Union members Damian Jacas and Mike Foley. (*Id.* at 4.) Adler has also threatened Plaintiff's life and abused her. In addition, Claudia Burton has threatened Plaintiff's life. "Elise Taylor is connected with these persons and [Plaintiff] filed Criminal Contempt and Harassment Charges against her." (*Id.*) Anthony Damo "has both endangered [Plaintiff's] life and stolen significant Real Estate assets from [her] in connection with this same ring and" slandered Plaintiff "claiming that [she is] an Unknown Woman in a photograph . . . when [she is] not." (*Id.*) The defendants, "in their Capacity as State-Sponsored Individuals, Government Agents and Organizations[,] fraudulently sold [Plaintiff] an Intelligence Equipped Surveillance Apartment prior to an Illegal Human Experiment, complete with a Title Transfer." (*Id.*)

Plaintiff asserts that she has been "in a constant state of Defense and under Surveillance of an extremely invasive and 'Self Identity' damaging nature, which has also Severely damaged [her] Public Image and Longstanding Reputation as a member of the Academic and Diplomacy International Community." (*Id.*) This is because Adler "has falsely disseminated information that [she is] a Prostitute and am hoping to receive Breast Implants from a Stranger rather than settle down for Family Purposes." (*Id.*)

The surveillance "has crossed the boundary from Constant Cameras and Recordings to INTRA-CRANIAL using a Torture Device in an attempt to surround and destroy" her. (*Id.* at 4-

5.) In addition, "[t]he ILLEGAL HUMAN EXPERIMENT is an Ongoing Problem and [Plaintiff] believe[s] the Defendants are Connected to its Premeditation and Execution." (*Id.* at 5.) Plaintiff states that she has emails from Adler that assert "that he has not heard of BRAIN EXPERIMENT, however[,] [Plaintiff] seek[s] Investigation into this matter and those connected to it." (*Id.*)

Plaintiff alleges that "After a Legal Text [she] Published to [her] Personal Network was so well-received that [she] was awarded a" $300 billion "humanitarian fund" by the North Atlantic Treaty Organization ("NATO"), Adler "became involved behind [her] back in negotiating with the persons awarding [her] the honors related to the text, which precluded [her] from" international recognition "for [her] subsequent text: THE DANUBE TREATY ("TRAITE du DANUBE")." (*Id.* at 6.) "This involves the United Nations . . . as well, as [she] was informed that [Adler] coerced persons to Launder the Funds from NATO through the United Nations." (*Id.*)

Plaintiff further alleges that she was "Systematically [b]locked from [her] Magazine of Five Years as a Journalist, thereby ending [her] career in the Fine Arts, after Jeff Bezos purchased the Media Asset and excluded [her] from the deal, which [she] was partial owner of: No. 3 MAGAZINE [25 MILLION USD]." (*Id.*)

In addition to these allegations, Plaintiff makes multiple unrelated assertions in her numerous motions, requests, and other submissions.[2]

---

[2] The Court understands these motions, requests, and other submissions to be supplements to the complaint.

## DISCUSSION

### A.     Private prosecution

Plaintiff's claims in which she seeks the criminal investigation and prosecution of the

defendants must be dismissed. Plaintiff cannot initiate a prosecution in this court because "the

decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454

U.S. 83, 86-87 (1981). Plaintiff cannot direct prosecutors to initiate a criminal proceeding against

any defendant because prosecutors possess discretionary authority to bring criminal actions and

they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v.*

*Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks

standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614,

619 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which

Plaintiff seeks the criminal prosecution of any of the defendants, *see* Fed. R. Civ. P. 12(h)(3);

*Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III

standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal

quotation marks and citation omitted).

### B.     Claims against the NYPD

The Court understands Plaintiff's claims in which she asserts constitutional violations as

brought under 42 U.S.C. § 1983. To the extent that Plaintiff asserts substantive due process

claims under Section 1983 against the NYPD arising from its alleged failure to investigate

potential or actual harm to her, the Court must dismiss these claims. Government officials

generally have no federal constitutional duty to investigate or protect an individual from harm.

*See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v.*

*Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*,

18 F.3d 188, 192 (2d Cir. 1994); *e.g.*, *Baltas v. Jones*, 3:21-CV-0469, 2021 WL 6125643, at *14

(D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'") (citation omitted); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983.") (internal quotation marks and citation omitted).

There are two recognized exceptions to this general rule: (1) "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; (2) when government officials affirmatively create or increase danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that a government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

Plaintiff does not allege any facts suggesting that either of these two exceptions is applicable here. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] The Court notes that the NYPD, an agency of the City of New York, is an improper defendant. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). To state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff alleges no facts showing that there is a City of New York policy, custom, or practice that has caused a violation of her federal constitutional rights. Even if the City of New York had a policy, custom, or practice that caused the NYPD's alleged failure to investigate, there would be no Section 1983

C.      **Claims under Section 1983 against the remaining defendants**

The Court must dismiss Plaintiff's claims under Section 1983 against the remaining

defendants. A claim for relief under Section 1983 must allege facts showing that a defendant

acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C.

§ 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State

action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or

privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a

state actor.") (internal quotation marks and citation omitted, emphasis in original). Private

individuals and entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723

F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,

531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir.

2002) ("[T]he United States Constitution regulates only the Government, not private

parties. . . .") (internal quotation marks and citation omitted).

The activity of a private individual or entity may be considered to be state action for the

purpose of Section 1983 liability in the following three situations: (1) when the individual or

entity acts using the coercive power of the State or is controlled by the State (the "compulsion

test"); (2) when the State provides significant encouragement to the individual or entity, the

individual or entity willfully participates in joint activity with the State, or the individual's or

---

claim. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (holding that if there is no underlying constitutional violation, a court need not examine whether the municipality is liable under Section 1983).

entity's functions are entwined with State policies (the "joint action" or "close nexus" test); or (3) when the State has delegated a public function to the individual or entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

"The fundamental question under each test is whether the private [individual's or] entity's challenged actions are 'fairly attributable' to the [S]tate." *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). In analyzing whether a private individual or entity has acted as a state actor for the purpose of Section 1983 liability, a court must first "identify[] the specific conduct of which the plaintiff complains, rather than consider the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted).

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a party by private counsel does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983. *See Grant v. Hubert*, No. 09-CV-1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) ("It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law."); *Jaffer v. Patterson*, No. 93-CV-3452, 1994 WL 471459, at *2 (S.D.N.Y. Sept. 1, 1994) ("Private law firms and attorneys . . . are not state actors for section 1983 purposes." ), *appeal dismissed*, 43 F.3d 1457 (2d Cir. 1994) (table decision).

Despite Plaintiff's allegations that the remaining defendants are "State-Sponsored Individuals, Government Agents and Organizations" (ECF 1, at 4), Plaintiff has alleged no facts showing that any of the remaining defendants – all private defendants – acted as state actors when they allegedly injured her. The Court therefore dismisses Plaintiff's claims under Section

1983 against the remaining defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**D.      Other claims under federal law**

To the extent that Plaintiff attempts to assert any other claims under federal law, in either her complaint or in her subsequently filed motions, requests, or other submissions, the Court must dismiss these claims. Even when read with the "special solicitude" due *pro se* submissions, *Triestman*, 470 F.3d at 475, Plaintiff's allegations and assertions as to her other claims under federal law appear to rise to the level of the irrational, and there is no factual predicate or legal theory on which she can rely to state a viable claim under federal law arising from these allegations and assertions, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses any other claims under federal law that Plaintiff attempts to assert in her complaint or in her subsequently filed motions, requests, or other submissions as frivolous. *See* § 1915(e)(2)(B)(i).

**E.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### F.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### G.     Litigation history

By order dated August 16, 2022, in this and in other *pro se* actions Plaintiff has filed in this court, the Court directed Plaintiff to stop sending emails to the court's filing inbox that attempt to submit exhibits without an accompanying letter or motion. (ECF 5.) In an order issued on September 26, 2022, in another of Plaintiff's *pro se* actions filed in this court, the Court warned Plaintiff "that further nonmeritorious or frivolous litigation in this court may result in an order barring her from filing any new actions IFP without prior permission." *Pedotti v. Mount Sinai*, ECF 1:22-CV-6199, 16 (S.D.N.Y. Sept. 26, 2022). One day later, on September 27, 2022, in yet another of Plaintiff's *pro se* actions that she has filed in this court, the Court issued another order with a similar warning. *Pedotti v. Grand Lodge of the State of New York*, ECF 1:22-CV-6296, 18 (S.D.N.Y. Sept. 27, 2022). All of these warnings remain in effect.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court denies all of Plaintiff's pending motions and requests filed in this action as moot. The Court therefore directs the Clerk of Court to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

12